



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

INDICTMENT FOR FALSE STATEMENTS
TO THE SMALL BUSINESS ADMINISTRATION

**FELONY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. 23-27 |
| v. | * | SECTION: SECT. D MAG. 1 |
| CHANEL GALLE<br>a/k/a "Chanel Burden" | * | VIOLATION: 18 U.S.C. § 1001 |
| | * * * | |

The Grand Jury charges that:

## COUNT 1

**A. AT ALL TIMES MATERIAL HEREIN:**

1. The defendant, **CHANEL GALLE a/k/a "Chanel Burden"** ("GALLE"), was a resident of New Orleans, Louisiana, within the Eastern District of Louisiana.

2. CoCo's Companion Care, LLC was a Louisiana limited liability company fully owned by **GALLE**.

<u>The Small Business Administration</u>

3. The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by

___Fee_____
___Process_____
_X_Dktd_____
___CtRmDep____
___Doc.No._____

enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

4. As part of its efforts, the SBA provided business loans through banks, credit unions, and other lenders. Those loans had government backed guarantees.

## The CARES Act and Paycheck Protection Program

5. The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") was a federal law enacted in or about March 2020. The CARES Act provided emergency financial assistance to the millions of Americans suffering the economic effects of the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

6. The PPP was overseen by the SBA, which had authority over all PPP loans. Individual PPP loans, however, were issued by approved private lenders, who received and processed PPP loan applications and supporting documentation and, following SBA approval, made loans using the lenders' own funds.

7. To obtain a PPP loan, a qualifying business had to submit a PPP loan application signed by an authorized representative of the business, The PPP loan application required the business, through its authorized representative, to acknowledge the program rules and to make affirmative certifications to be eligible for the PPP loan. For example, in the PPP loan application (SBA From 2483), the business, through its authorized representative, had to state its average monthly payroll expenses and number of employees. In addition, businesses had to provide documentation showing their payroll expenses, as part of the PPP loan application process. These

figures were used to calculate the amount of money the small business was eligible to receive under the PPP.

8. Among the type of businesses eligible for a PPP loan were individuals who operated under a "sole proprietorship" business structure. In order to be eligible to receive such a PPP loan, individuals had to report and document their income and expenses from the sole proprietorship, as typically reported to the Internal Revenue Service ("IRS") on Form 1040, Schedule C, for a given year. The lending institution or loan processor used this information and documents to calculate the amount of money the individual was entitled to receive under PPP.

9. Once a qualifying business completed a PPP application, a participating lender processed the application. If a PPP loan was approved, the participating lender funded the PPP loan using its own monies, which the SBA guaranteed. In the course of processing the PPP loan, the lender transmitted data from the loan application, to the SBA, including information about the borrower, the total amount of the loan, and the identified number of employees. Itria Ventures, LLC and Capital Plus Financial, LLC were participating financial technology lenders in the PPP.

10. Proceeds from a PPP loan were legally required to be used only for certain permissible business expenses, including payroll costs, mortgage interest, rent, and utilities. Under the applicable PPP rules and guidance. The interest and principal on the PPP loan was eligible for forgiveness, if the business spent the loan proceeds on permissible items within a designated period of time and used a certain portion of the loan toward payroll expenses.

**B.   THE OFFENSE:**

On or about February 18, 2021, in the Eastern District of Louisiana and elsewhere, the defendant, **CHANEL GALLE a/k/a "Chanel Burden,"** did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the

jurisdiction of the SBA, an agency within the executive branch of the United States, in that the defendant stated in her SBA Form 2483 PPP Borrower Application to Itria Ventures, LLC that CoCo's Companion Care, LLC had ten employees and a monthly payroll of $9,784.00; however, in truth and in fact, the defendant knew that CoCo's Companion Care, LLC did not have ten employees nor did it have a monthly payroll of $9,784.00 as falsely set forth in the PPP loan application, resulting in an SBA backed PPP loan of approximately $20,833.00, in violation of Title 18, United States Code, Section 1001.

## COUNT 2

**A.     AT ALL TIMES MATERIAL HEREIN:**

The allegations contained in Paragraph A of Count 1 are hereby re-alleged and incorporated as though fully set forth herein.

**B.     THE OFFENSE:**

On or about March 30, 2021, in the Eastern District of Louisiana and elsewhere, the defendant, **CHANEL GALLE a/k/a "Chanel Burden,"** did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the SBA, an agency within the executive branch of the United States, in that the defendant stated in her SBA Form 2483 PPP Borrower Application to Capital Plus Financial, LLC that she had gross income earnings in excess of $100,000 for the 2019 tax year as a beautician; however, in truth and in fact, the defendant knew that she did not earn in excess of $100,000 as a beautician in the 2019 tax year as falsely set forth in the PPP loan, resulting in an SBA backed PPP loan of approximately $20,832.00, in violation of Title 18, United States Code, Section 1001.

## NOTICE OF FORFEITURE

1. The allegations of Counts 1 and 2 of this Indictment are incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States.

2. As a result of the offenses alleged in Counts 1 and 2, the defendant, **CHANEL GALLE a/k/a "Chanel Burden,"** shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(3), any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of such offenses.

3. If any of the above-described property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall seek a money judgment and, pursuant to Title 21, United States Code, Section 853(p), forfeiture of any other property of the defendant up to the value of said property.

DUANE A. EVANS
UNITED STATES ATTORNEY

EDWARD J. RIVERA
Assistant United States Attorneys

New Orleans, Louisiana
February 10, 2023

FORM OBD-34

No._____

# UNITED STATES DISTRICT COURT

Eastern   District of   Louisiana
Criminal   Division

## THE UNITED STATES OF AMERICA

vs.

CHANEL GALLE
a/k/a "Chanel Burden"

## INDICTMENT
### INDICTMENT FOR FALSE STATEMENTS

VIOLATIONS: Title 18, U.S.C., Section 1001

Filed in open court this _____
_____ day of
_____ A.D. 2023.

_____
Clerk

Bail, $ _____

_____
EDWARD J. RIVERA
Assistant United States Attorney